SaraEllen Hutchison (WSBA # 36137)
LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
539 Broadway
Tacoma, WA 98402
Telephone:     206-529-5195
Facsimile:     253-302-8486
Email: saraellen@saraellenhutchison.com

*Attorney for Plaintiff, Alan Guthmiller*

THE HONORABLE JUDGE ROTHSTEIN

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

ALAN GUTHMILLER,

              Plaintiff,

    v.

DANIELLE LATORRE, Washington State
Notary License Number 148246, and OHIO
CASUALTY INSURANCE COMPANY, a
New Hampshire Surety Corporation, as
Surety for DANIELLE LATORRE,
Washington State Notary License Number
148246,

              Defendants.

NO.  2:19-cv-01585-BJR

CONSENT DECREE

[**CLERK'S ACTION REQUIRED**]

## I.    JUDGMENT SUMMARY

| | | |
|---|---|---|
| 1.1 | Judgment Creditor: | Alan Guthmiller |
| 1.2 | Judgment Debtor: | Danielle LaTorre |
| 1.3 | Principal Judgment Amount: | $1000.00 |

JUDGMENT

1

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

1.4     Post Judgment Interest:          12% per annum if not paid within 60 days

1.5     Attorneys for Judgment Creditor:   SaraEllen M. Hutchison

1.6     Attorneys for Judgment Debtor:    pro se

1.7     Plaintiff, Alan Guthmiller, by and through the undersigned counsel, SaraEllen Hutchison, and Defendant, Danielle LaTorre, *pro se*, agree on a basis for the settlement of the matters subject to this Consent Decree against Defendant without the need for trial or adjudication of any issue of law or fact.

The Court finds no just reason for delay.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## II.     PARTIES AND JURISDICTION

Plaintiff, ALAN GUTHMILLER, (hereinafter "Plaintiff") resides in the city of Seattle, in King County, Washington.

2.1     Defendant DANIELLE LATORRE ("Latorre") is an active Washington State Notary pursuant to license number 148246.

2.2     Ocwen and PHH are "businesses" as defined by the Washington State Consumer Protection Act, RCW 19.86, and acted as such at all times relevant herein.

2.3     Latorre, in her capacity as a licensed Notary Public, is also a "business" as defined by the Washington State Consumer Protection Act, RCW 19.86, and acted as such at all times relevant herein.

2.4     Plaintiff is a "consumer" as that term is contemplated by the Washington State Consumer Protection Act, RCW 19.86, and acted as such at all times relevant herein.

JUDGMENT                                          2

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

2.5     Jurisdiction and Venue in the United States District Court, Western District of Washington, are appropriate where this dispute involves federal law, where all acts at issue and described herein occurred in this district, where the injury to Plaintiff occurred in this district, and where Plaintiff is a resident of this district. 28 U.S.C. §1391(b); 28 U.S.C. §1331.

2.6     Defendant is also liable unto Plaintiff pursuant to the laws of the State of Washington, which claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. 1367 et seq.

2.7     Defendant is liable unto Plaintiff pursuant to RCW 19.86 et seq. as well as other applicable state and federal laws.

2.8     Entry of this Consent Decree is in the public interest and reflects a negotiated agreement between the parties.

2.9     This Consent Decree is entered pursuant to RCW 19.86 *et seq.*

2.10    Defendant, by entering this Consent Decree, does not admit the allegations of the Complaint other than those solely as necessary to establish the jurisdiction of this Court.

2.11    Plaintiff and Defendant agree this Consent Decree does not constitute evidence or an admission regarding the existence or non-existence of any issue, fact, or violation of law alleged by Plaintiff.  Defendant expressly denies any liability or wrongdoing and is entering into this Consent Decree as a asettlement of disputed claims and to avoid further inconvenience and costs of potential litigation.

2.12    Defendant recognizes and states that this Consent Decree is entered into voluntarily and that no promises, representations, or threats have been made by Plaintiff or their counsel, except for the promises and representations provided herein.

JUDGMENT                                        3

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

2.13     Defendant waives any rights Defendant may have to appeal from this Consent Decree or to otherwise contest the validity of this Consent Decree.

2.14     Defendant further agree Magistrate Paula McCandlis of the United States District Court for the Western District of Washington shall retain jurisdiction of this action and jurisdiction of Defendant for the purposes of implementing and enforcing the terms and conditions of this Consent Decree and for all other purpose related to this matter, including Plaintiff's subsequent motion for costs and attorney's fees.

## III.     FACTUAL BASIS

1.     Defendant is a Notary, holding Washington State License Number 148246.

2.     Defendant's commission expires on June 1, 2022.

3.     On March 10, 2018, Defendant's notary stamp was used to notarize the signatures of Defendant's mother, Mary Lerdahl, and Ms. Lerdahl's ex-husband, Plaintiff Alan Guthmiller, on a mortgage loan modification contract with Ocwen pertaining to a condominium ("A-201") that Ms. Lerdahl owns.

4.     At the time, Defendant was working for Ms. Lerdahl, at Ms. Lerdahl's home office in Auburn.

5.     Defendant did not witness Plaintiff's signature.

6.     Defendant does not maintain a notary log book, or any other record of this notarial act.

7.     Defendant kept her notary stamp in a drawer in Ms. Lerdahl's home office that Ms. Lerdahl had access to.

JUDGMENT

4

8.     At the time of this notarial act, Defendant's bond holder was OCIC, under bond number 32S435758.

9.     On March 10, 2018, Plaintiff was in Belltown, dealing with a crashed server at his work.

10.    Plaintiff was not anywhere near Ms. Lerdahl or Defendant.

11.    Plaintiff and Ms. Lerdahl have been divorced since 2009.

12.    Defendant has not seen or communicated with Plaintiff since the divorce.

13.    On October 28, 2010, Plaintiff quitclaimed his interest in A-201 to Ms. Lerdahl, which was recorded in the Hawaii Bureau of Conveyances as Doc. No. 2010-163864.

14.    Following Plaintiff's divorce, he filed bankruptcy.

15.    On October 27, 2011, Plaintiff was granted a discharge of the A-201 mortgage loan under 11 U.S.C. § 727.

16.    Plaintiff never reaffirmed the A-201 mortgage loan debt, and since quitclaiming A-201 to Ms. Lerdahl, has had no interest in it.

17.    Eventually, Ocwen Loan Servicing, LLC ("Ocwen") (no longer a party to this action) became the servicer of the mortgage loan on A-201.

18.    In August, 2019, following Ocwen's merger with PHH Mortgage Company ("PHH") (no longer a party to this action), Plaintiff discovered that the mortgage loan account for A-201 was reporting on Plaintiff's credit reports again as an account with PHH.

19.    PHH provided Plaintiff with a copy of the March 10, 2018 loan modification contract bearing what purported to be Plaintiff's signature, bearing Defendant's notary stamp.

JUDGMENT                                    5

20.     Defendant testified that on at least one other occasion during Defendant's tenure at Ms. Lerdahl's business, Ms. Lerdahl used Defendant's notary stamp without permission.

21.     Plaintiff reported the March 10, 2018 forgery to Seattle Police, who have not yet taken further action against Defendant or Ms. Lerdahl.

## IV.   INJUNCTIONS

1.  Defendant shall not ever attempt to renew her notary license.

2.  Defendant shall cooperate with any law enforcement, agency or other government investigation of Mary Lerdahl.

3.  Defendant shall testify truthfully in any proceeding against Mary Lerdahl.

4.  Defendant shall not discuss the investigations of Mary Lerdahl nor this District Court matter with any extended family members, including but not limited to Mary Lerdahl, Ryan Guthmiller, and anyone outside of her immediate household. Defendant may discuss this matter with her own legal counsel, law enforcement and any licensing agency.

## V.   MONETARY PAYMENT

6.1     No later than sixty days after the Court enters this Consent Decree, Defendant shall pay a total of $1,000.00 (One Thousand Dollars) made payable to "Alan Guthmiller."

6.2     This sum is inclusive of attorney's fees and costs.

## VII.   RELEASE

7.1     Upon payment of the amount due under paragraph V. supra, ~~and upon payment of the costs and attorney's fees subsequently awarded by the Court,~~ Plaintiff releases and discharge Defendant and Defendant's current and former officers, directors, agents, employees,

*[handwritten: in Paragraph 5]*

JUDGMENT                                    6

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

representatives, successors and assigns, jointly and severally, from all civil claims, causes of action, or proceedings, including but not limited to civil claims, causes of action or proceedings Plaintiff brought or could have brought, including all injunctions, restitution, damages, penalties, fines, forfeitures, arising out of Defendant's conduct releated to any of the facts or claims at issue in this cause of action.

       7.3    Unless otherwise noted, nothing herein shall be construed as a waiver of any individual's private rights, causes of action, or remediies of any person against Defendant with respect to the acts and practices covered by this Consent Decree.

       7.4    This Consent Decree also does not create any private right, cause of action or remedy for any third party with respect to the acts and practices at issue herein.

## VIII.   <u>ADDIONAL PROVISIONS</u>

      Nothing in this Consent Decree shall grant any third-party beneficiary or other rights to any person who is not a party to this Consent Decree.

      Nothing in this Consent Decree shall be construed to limit or bar any other person or entity from pursuing other available remedies against Defendant or any other person.

      Nothing in this Consent Decree shall be construed as relieving Defendant of the obligation to complay with all state and federal laws, regularions, and rules, nor shall any of the provisions of this Consent Decree be deemed to be permission to engage in any acts or practices prohibited by such laws, regulations, and rules.

      If any portion of this Consent Decree is held invalid by operation of law, the remaining terms of this Consent Decree shall not be effected and shall remain in full force and effect.

JUDGMENT              7

Any notice or other communication required or permitted under this Consent Decree shall be in writing and delivered to Plaintiff's counsel or Defendant's counsel, whichever applies.

For Plaintiff:

S//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC
539 Broadway
Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
Email: saraellen@saraellenhutchison.com

For Defendant, Danielle LaTorre

Danielle LaTorre

The Clerk of the Court is ordered to immediately enter the foregoing Consent Decree.

DONE IN OPEN COURT this 14th day of October, 2020.

The Honorable Magistrate Judge Paula McCandlis

Presented by:

S//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC
539 Broadway
Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
Email: saraellen@saraellenhutchison.com

JUDGMENT

8